JACOB MAY, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF COLORADO, DEFENDANT IN ERROR.

CITY ORDINANCES—WHEN INVALID.—The attempt of a city council, by ordinance, to prevent the prosecution of lawful business avocations, not declared by any ordinance to be nuisances, within the city limits without a permit or license from the city council, is not authorized by the statute which confers on municipalities power to declare what shall be a nuisance, and to abate the same. Such an ordinance is repugnant to fundamental rights in that it is susceptible of being used to unjustly discriminate between individuals equally worthy and respectable, by permitting certain individuals to pursue the avocations mentioned, while denying the privilege to other persons of the same class, or by making acts done by one person penal and imposing no penalty for the same act when done under like circumstances by another.

*Error to County Court of Las Animas County.*

Mr. CALDWELL YEAMAN, for plaintiff in error.

Mr. JESSE G. NORTHCUTT, for defendant in error.

RICHMOND, P. J. This was a prosecution originally instituted before a police magistrate in the city of Trinidad to recover from Jacob May, plaintiff in error, a penalty for the violation of a regulation or ordinance.

The case was tried and a penalty of $20 fine imposed. Thereafter an appeal was taken to the county court of Las

Animas county where it was tried upon an agreed state of facts as follows :

" That the defendant did, at the time and in the manner and form as alleged in the complaint filed herein, keep and store green and dry hides and pelts in large quantities within the corporate limits of the city of Trinidad, without permission from the city council of said city so to do.

" That the storing of green hides and pelts is the character of business which may or may not be a nuisance, according to the surrounding circumstances.

" That section 11 of an ordinance concerning nuisances reads as follows :

" Section 11. Any person who shall kill or dress any cattle, calves, sheep or swine, or shall steam or render any lard or tallow, or store any green or dry hides or pelts within the city, without permission from the city council, shall upon conviction, be fined in a sum not less than ten nor more than fifty dollars for each offense ; and such permit shall not be construed into a license to emit, cause or be the author of any nuisance in any case whatever.

" That the storing of green and dry hides is a business which in its character is easily susceptible of becoming offensive and nauseous."

Upon this agreed state of facts, the county court adjudged the plaintiff in error guilty, assessed a fine of ten dollars and costs and committed him to the county jail until paid. To reverse this judgment this writ of error is prosecuted.

There being no dispute as to the facts, the only question presented by the record is, whether this regulation or ordinance is valid.

It is true, plaintiff in error insists in his argument that the proceedings before the police magistrate were irregular, but the record fails to disclose the fact that he insisted upon this in the county court. Therefore it will not be considered.

The contention of plaintiff in error is that the ordinance referred to is in violation of the federal constitution, and of section 2 of the state constitution, and that it is invalid be-

cause it is unreasonable, partial, oppressive and unfair, and tends to confer upon the city council power to create a monopoly. * * * An analysis of this. ordinance becomes necessary to the determination of the question presented.

Under the General Statutes of this state, section 3312, page 970, the following authority is conferred upon municipalities; (subdivision 45) " to declare what shall be a nuisance and to abate the same and to impose fines upon parties who may create, continue, or suffer nuisances to exist; " (subdivision 53) " to prohibit any offensive or unwholesome business to be established within, or within one mile of the limits of the corporation."

This ordinance does not purport to declare the storing of hides and pelts within the city limits a *nuisance,* but does assume that the city counsel may prohibit, by declining to grant permission, or may grant permission as their inclination may prompt. They may go so far as to say that one individual may exercise the privilege, and that another equally respectable shall not.

True it is admitted in the stipulation that such business may become a nuisance, so also may many other vocations and trades, but yet they are not nuisances *per se.* A livery stable, a slaughter house, a butcher shop, a boarding house, a hotel, chemical works, refinery and smelter, a sugar refinery, a railroad, enterprises requiring large smoke-stacks, a private barn where a number of horses are kept and cared for, a theatre for the resort of all classes, a blacksmith shop, a foundry, all such may become a nuisance and are as easily susceptible of becoming a nuisance as it is admitted that of storing hides and pelts could be.

Taking this view then of the ordinance I can reach no other conclusion than that it does not come within the authority conferred by the general laws upon a municipality; and that it is discriminating. It is true that it may be said the city council might not discriminate in favor of one against another, but that they have reserved to themselves the power so to do cannot be denied; and also that they have reserved the

right to determine when, where and by whom such an enterprise may be conducted cannot be disputed. That it may become a nuisance cannot contribute to the support of defendant in error's contention, for certain it is that if it be a fact that the storing of hides and pelts within the city limits of a city is a nuisance, it conclusively follows that the city cannot by its permission allow a nuisance to exist within its limits. A license, an ordinance, a regulation, or a resolution permitting the existence of a nuisance within the limits of a corporate town or city would be held invalid. The language of the ordinance supports this assertion, for it declares that "such permit shall not be construed into a license to emit, cause or be the author of any nuisance in any case whatever." If the storing of hides and pelts be not a nuisance, then the ordinance has no application and is not within the authority conferred by the general laws, and aims to suppress a lawful vocation. Ordinances must apply to all alike.

In *Tugman v. City of Chicago*, 78 Ill. 405, this doctrine is announced:—" Where power is conferred upon the legislative department of a municipal corporation to enact by-laws and ordinances for the better government of the inhabitants of a municipality, the body entrusted with that power, in its exercise, cannot enact ordinances that are unreasonable, oppressive, or such as will create a monopoly. An ordinance therefore which would make the act done by one penal, and impose no penalty for the same act done, under like circumstances, upon another, could not be sanctioned or sustained, because it would be unjust and unreasonable." *City of Chicago v. Rumpff*, 45 Ill. 90.

This doctrine has been followed by the supreme court of Illinois; also by the present appellate court of that state.

In the case of *Village of Braceville v. Dogherty*, 30 Ill. Appellate Court Reports 645, involving the construction of a similar ordinance or regulation, the court, in delivering the opinion, quotes at considerable length from Dillon on Municipal Corporations in support of the theory herein advanced.

It says: " Such ordinances must be reasonable and not oppressive, or repugnant to fundamental rights, or courts will declare them void.   Ordinances must be impartial, fair and general.   It would be unreasonable and unjust to make, under similar circumstances, an act done by one person penal, and if done by another not so.   Ordinances which have this effect cannot be sustained.   Special and unwarranted discrimination, or unjust or oppressive interference in particular cases is not to be allowed.   The powers vested in municipal corporations, should, so far as practicable, be exercised by ordinances general in their nature and impartial in their operation."

The prosperity alike of the community and of the individual is largely promoted by leaving every man free to occupy himself in such business and in such place as the demands of patronage and his own particular means and qualifications indicate.

Municipal ordinances are passed by a body representing the whole community and for the purpose of regulating matters which affect the general welfare, and their provisions should, so far as practicable, affect each member of the community alike.

Ordinances should neither favor nor discriminate against any person or class of persons, or any particular portion of the municipal territory.   Their burdens and their benefits should rest equally upon all.   The law of a municipality, like the laws of a state, should be uniform and of a general operation within the corporate limits, and any unnecessary, distinct discrimination between persons, classes, or locations, will invalidate them. . . . . . Municipal Police Ordinances, § 135 ; *Town of Lake View v. Letz et al.*, 54 Ill. 82.

" The common business and callings of life, the ordinary trades and pursuits which are innocuous in themselves, have been followed in all communities from time immemorial and must, therefore, be free in this country to all alike upon the same conditions.   The right to pursue them without let or hindrance except that which is applied to all persons of the

same age, sex and condition is a distinguishing privilege of citizens of the United States and an essential element of that freedom which they claim as their birthright."

The above is the language of Justice Field in the case of *Butcher's Union v. Crescent City Co.*, 111 U. S. Rep. 757, and with the doctrine therein expressed I agree, and if it be correct then this ordinance is absolutely invalid.

If the city council can say that certain individuals may pursue a certain vocation and that other individuals of the same class, of equal repute and citizens of that community, shall not, then the one great principle conferred upon the citizens of the United States, to wit; the right to pursue any lawful business or vocation in any manner not inconsistent with the equal rights of others which may increase their prosperity or develop their faculties so as to give them the highest enjoyment is disallowed. *Matter of Application of Jacobs*, 98 N. Y. 98.

Measures of this kind are dangerous even to their promoters; if the power to grant exists the power to take away may also exist, and an enterprise involving the all of an individual may suddenly be prohibited by a municipal council— the reasons for doing so need not be given. Caprice, interest, personal or political, may be the grounds upon which such legislation can be founded, and he who is indulged today may be the sufferer to-morrow.

These deductions from the face of the ordinance as to its necessary tendency are supported by its language, and therefore I am not obliged to reason from the probable to the actual and pass upon the validity of the ordinance complained of, as tried merely by the principles which its terms afford of unequal and unjust discrimination in its administration. The case at bar presents the ordinance in actual operation, and the facts agreed upon establish an administration so exclusively against one person and in favor of another as to warrant and require the conclusion that whatever might have been the intent of the ordinance, it is one applied, or can be so unequally and oppressively as to amount to a prac-

tical denial of that equal protection of the law which is secured to every citizen of the land. I cannot escape the conclusion that this ordinance is invalid, and that the judgment of the court below must be reversed, with directions for further proceedings in conformity with this opinion.

*Reversed.*